IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LAURA BOYED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-5001 SSA-CV-SW-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Laura Boyed seeks judicial review,[1] of a final administrative decision denying her Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on October 9, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Laura Boyed was 27 years of age when she alleged disability due to a nervous condition, panic attacks, joint pain, multiple allergies and post-traumatic stress disorder.  Boyed's alleged onset date was March 1, 1992.  At the hearing before the Administrative Law Judge (ALJ), however, Boyed verbally amended her alleged onset date to July 27, 2009, the date she filed her application for SSI.  Boyed has very limited past relevant work; working less than one month in 2002 at a chicken plant.

The ALJ's decision found Boyed to have the following severe impairments: obesity, depression and anxiety.  The ALJ determined that Boyed's impairments, or combination of, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  After consideration of the entire record, the ALJ determined that Boyed had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with specified nonexertional limitations to accommodate for her anxiety and depression.  The

2

ALJ determined that plaintiff could not perform her past relevant work, but that there were jobs which exist in significant numbers in the national economy which Boyed could perform.

Boyed argues the ALJ erred in (1) formulating the RFC, and (2) the credibility analysis. Boyed alleges that in determining her RFC, the ALJ improperly discounted the opinion of Dr. Ramsey, and had insufficient medical evidence to make the RFC determination. Boyed also alleges the ALJ improperly discounted her credibility as to the severity of her impairments and the effect on her ability to work.

The Government argues the ALJ gave proper weight to the opinion of Dr. Ramsey, and noted that the RFC contains a significant number of limitations stated by Dr. Ramsey. The Government also argues that Boyed has the burden to prove her disability, and that the lack of medical records to support her claim for disability does not require the ALJ to order additional medical examinations of Boyed. The Government argues the ALJ properly noted the spotty medical treatment received by Boyed, and therefore, properly discounted plaintiff's credibility to the extent that it was inconsistent with the medical records and the record as a whole. The Government argues there is substantial evidence in the record to support that Boyed, at 27 years of age, is not prevented from doing any job that exists in significant numbers in the national economy.

Upon review, this Court finds the ALJ did not err in his analysis of Boyed's credibility. Although "an ALJ may not discount a claimant's allegation of disabling pain solely because the objective medical evidence does not fully support them," the ALJ may find that these allegations are not credible "if there are inconsistencies in the evidence as a whole." Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005). Here, the ALJ gave valid reasons for discounting Boyed's credibility. Such reasons include discussion of Boyed's subjective claims of disabling depression and anxiety as contrasting with the type and level of treatment she received. The ALJ noted very limited treatment during the relevant period, as well as medical records which do not support the level of disabling symptoms alleged. Also noted were activities of Boyed, such as babysitting, which were inconsistent with her complaints of disabling anxiety and depression. Boyed's assertion that she only sought limited treatment because her disabling mental symptoms prevented her from seeking treatment is not supported in the record. See Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010) (ALJ properly criticized claimant's noncompliance because

3

there was no evidence her depression or other symptoms rendered her unable to understand the importance of compliance).  Cf: Pates-Fires v. Astrue, 564 F.3d 935, 944, 947 (8th Cir. 2009) (claimant who alleged schizophrenia disability was cause of her lack of treatment had been repeatedly hospitalized and arrested for her sometimes violent schizophrenic symptoms, and the doctors specifically stated her schizophrenia was preventing her from understanding the importance of her medications).  This Court finds there to be substantial evidence in the record to support the ALJ's analysis of Boyed's credibility.  Wildman v. Astrue, 596 F.3d 959 at 968 (court defers to the ALJ's credibility finding if the ALJ "explicitly discredits the claimant's testimony and gives a good reason for doing so.").

The ALJ also did not err in determining Boyed's RFC.  Plaintiff's allegations of disability due to depression and anxiety are not supported by the record.  The record shows very little mental health care for plaintiff during the relevant period.  Although there is one medical source report (MSR) from Dr. Ramsey submitted by plaintiff which indicated marked limitations for Boyed, this doctor's treatment notes, and treatment history of Boyed do not support the marked limitations opined.  Dr. Ramsey provided only conclusory statements with no narrative explanation; provided no treatment notes supporting his opinion of marked limitations for Boyed; and his MSR was inconsistent with his very limited treatment of Boyed.  The records reflect that plaintiff saw Dr. Ramsey on only one occasion, and that the MSR was filled out approximately one year later.  While plaintiff alleges there were multiple visits with Dr. Ramsey in between the first visit and the date of the MSR, this is not reflected in the medical records.  Despite a request to Dr. Ramsey, neither the ALJ nor this Court has seen any records affirming this statement.  Moreover, the evidence in the record supports the ALJ's decision to give little weight to Dr. Ramsey.  Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion.  Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009).  An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record.  Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).  The weight given by the ALJ to the opinion of Dr. Ramsey was not error.

Boyed's assertion that without proper weight given to Dr. Ramsey's MSR there is insufficient medical evidence in the record to formulate an RFC is without merit.  The

4

regulations state that it is the claimant's responsibility to provide medical evidence to show that she is disabled. 20 C.F.R. § 404.152. Moreover, the Eighth Circuit has specifically held that the ALJ's RFC assessment is not restricted to a simple choice of medical opinions offered. See Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) ("[t]he ALJ is not required to rely entirely on a particular physician's opinion or choose between opinions [of] any of the claimant's physicians."). Here, the ALJ properly formulated an RFC using medical records and other nonmedical factors like activities. See Cox v. Astrue, 495 F.3d 614, 619-20 (8th Cir. 2007). There is adequate evidence of record in this case for the ALJ's RFC determination. See Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004) (ALJ is required to order a consultative exam if the evidence of record does not provide an adequate basis for determining the merits of a disability claim).

Accordingly, there is substantial evidence in the record to support the ALJ's RFC determination for Boyed.

## Conclusion

There is substantial evidence in the record as a whole to support the ALJ's conclusion that plaintiff is not disabled within the meaning of the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 19th day of October, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge